UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PAULETTE MORGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CONSOLIDATED |
| v. ) | Case Nos. 3:04-0975 |
| ) | 3:04-1071 |
| ARAMARK UNIFORM & CAREER ) | Judge Echols |
| APPAREL, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM

Presently pending before the Court is the Partial Motion to Dismiss Amended Complaint (Docket Entry No. 35), filed by Defendant Aramark Uniform & Career Apparel, Inc. ("Aramark"), to which Plaintiff Paulette Morgan ("Plaintiff") has responded in opposition. In her opposition, Plaintiff asks the Court to remand to the Chancery Court of Sumner County her workers' compensation benefits claim.

### I. PROCEDURAL HISTORY

On October 27, 2004, Plaintiff filed an action in the Chancery Court for Sumner County, Tennessee, against her former employer, Aramark, alleging sexual harassment due to a hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII") and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101, *et seq.*; a workers' compensation benefit claim for a previous work-related injury, Tenn. Code Ann. § 50-6-101, *et seq.*; and a claim for employment discharge in retaliation for asserting the workers'

1

compensation claim, in violation of Tennessee common law. See Anderson v. Standard Register Co., 857 S.W.2d 555, 558 (Tenn. 1993). On the same day, October 27, 2004, Plaintiff filed in this Court a Complaint alleging sexual harassment in violation of Title VII, 42 U.S.C. § 1981, and the THRA.

Defendant Aramark timely removed the action from the Chancery Court of Sumner County to this Court on December 2, 2004, proceeding on its determination that Plaintiff's state-court Complaint did *not* include a cause of action for workers' compensation benefits, but only a cause of action for retaliatory discharge after filing a workers' compensation claim. The removed state case and the federal case were then consolidated in this Court.

Plaintiff filed a Motion to Remand her workers' compensation cause of action to Chancery Court. Aramark resisted the motion on the ground that Plaintiff did not adequately allege a claim for workers' compensation benefits.

While the Motion to Remand was pending and in accordance with a Joint Amended Scheduling Order approved by this Court, Plaintiff filed an Amended Complaint in the consolidated actions asserting claims of sexual harassment under Title VII and the THRA, retaliatory discharge under Tennessee common law, and for workers' compensation benefits. This Court then denied Plaintiff's Motion to Remand as moot.

Aramark now seeks dismissal of Plaintiff's Amended Complaint filed in the consolidated/lead Case No. 3:04-0975. Aramark

2

contends that Plaintiff is attempting to revive an untimely workers' compensation benefit claim that was not included in her original Complaint filed in Chancery Court. Aramark also contends that the Amended Complaint must be dismissed because the causes of action for retaliatory discharge and for workers' compensation benefits are improperly joined in the same suit, citing as authority for dismissal the case of Smith v. Lincoln Brass Works, 712 S.W.2d 470, 472 (Tenn. 1986). Aramark does not specify under which provision of Federal Rule of Civil Procedure 12 it seeks dismissal of the Amended Complaint.

Plaintiff opposes dismissal on the grounds that she included a claim for workers' compensation benefits in her original Complaint filed in Chancery Court, she sought remand of that cause of action to Chancery Court after Aramark removed the case to this Court, and she included the same claim in her Amended Complaint filed in the consolidated actions, while the Motion to Remand was pending, only to comply with the deadline for filing an Amended Complaint. Plaintiff again requests that the Court remand her workers' compensation benefits claim to the Chancery Court of Sumner County where it rightfully originated and should have remained.

## II. ANALYSIS

Plaintiff's original Complaint filed in the Chancery Court of Sumner County was not a model of clear and concise pleading. Construing the allegations broadly, however, the Court finds that Plaintiff pled a claim for workers' compensation benefits. She

3

clearly stated also a cause of action for retaliatory discharge resulting from her filing of a workers' compensation claim. With the assistance of new counsel, Plaintiff has continued to plead both causes of action in this Court pursuant to the scheduling order, while simultaneously seeking remand to state court of the workers' compensation claim.

Title 28 U.S.C. § 1445(c) provides: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Thus, Aramark did not have authority to remove to this Court Plaintiff's cause of action for workers' compensation benefits. Aramark correctly contends, however, that "[a] claim for damages for retaliatory discharge is not a part of a worker's compensation claim, but is a separate tort action." Van Cleave v. McKee Baking Co., 712 S.W.2d 94, 95 (Tenn. 1986). Under the Court's supplemental jurisdiction, 28 U.S.C. § 1367, Aramark properly removed to this Court the retaliatory discharge cause of action, along with the federal sexual harassment claim, because the Tennessee common law claim for retaliatory discharge is "not necessarily dependent upon the administrative mechanisms and/or remedies of the applicable worker's compensation statute." Harper v. Autoalliance Int'l, Inc., 392 F.3d 195, 208 (6th Cir. 2004); Anderson, 857 S.W.2d at 556-559.

Contrary to Aramark's argument, Smith v. Lincoln Brass Works, Inc., 712 S.W.2d 470 (Tenn. 1986), does not hold that a complaint should be dismissed if a worker's compensation cause of action is

4

joined in the same case with a retaliatory discharge cause of action. Rather, in Smith, the Tennessee Supreme Court explained that it had appellate jurisdiction only over the appeal from the worker's compensation claim in that case and the Court of Appeals had jurisdiction over the appeal of the separate tort action for retaliatory discharge. Because appellate jurisdiction was split between the two courts, the Tennessee Supreme Court dismissed without prejudice the appeal concerning the cause of action for retaliatory discharge, and affirmed the judgment on the claim for workers' compensation benefits. No similar concern about appellate jurisdiction is at issue here and thus, Smith is inapposite.

### III. CONCLUSION

Aramark's Partial Motion to Dismiss Amended Complaint (Docket Entry No. 35) will be DENIED. Plaintiff's workers' compensation cause of action must be remanded to the Chancery Court of Sumner County because the claim could not be removed to this Court under 28 U.S.C. § 1445(c), and this Court lacks subject matter jurisdiction to consider it.

The Court will direct the Clerk to remand to the Chancery Court of Sumner County only Plaintiff's workers' compensation cause of action, which was filed in removed Case No. 3:04-1071, and later re-stated as the third cause of action in the Amended Complaint filed in consolidated/lead Case No. 3:04-0975. Aramark may raise in Chancery Court any defenses it may have against Plaintiff's workers' compensation benefits claim.

5

Under Harper and Anderson, however, this Court will retain jurisdiction over the separate tort claim for retaliatory discharge stated as the second cause of action in the Amended Complaint filed in consolidated/lead Case No. 3:04-0975. The Court also exercises its jurisdiction over Plaintiff's sexual harassment claims under Title VII and the THRA, which are stated as the first cause of action in the Amended Complaint filed in the consolidated/lead Case No. 3:04-0975.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE